BLANE A. SMITH (SB# 96795)
FARMER SMITH LAW GROUP, LLP
3640 American River Drive, Suite 150
Sacramento, CA 95864

Telephone: (916) 484-3500
Fax: (916) 484-3510

Attorney for Plaintiff

(SPACE BELOW FOR FILING STAMP ONLY)

FILED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

## THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

THE CONTINENTAL INSURANCE COMPANY,

    Plaintiff,

vs.

PAUL CRINKS, STACY CRINKS, MICHAEL PETERS, CHARMAGNE PETERS, VILLAGE ASSOCIATES REAL ESTATE, INC., IGNACIO VEGA, LESLIE PIPER, PAUL LANDERS dba LANDERS TERMITE, DAVE OLNES, JONATHAN JOEL FRADELIS, individually, JONATHAN JOEL FRADELIS dba TRI-VALLEY INVESTMENTS, MAX W. CURTIS, individually, MAX W. CURTIS dba MAXINSPECT,

    Defendants.

Case No.: C 07 2578

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

BY FAX



### I. PRELIMINARY ALLEGATIONS

1. Plaintiff, THE CONTINENTAL INSURANCE COMPANY, as successor in interest to Glens Falls Insurance Company, hereinafter referred to as "CONTINENTAL", is informed and believes and thereon alleges, that all defendants herein are residents of Contra Costa County in the State of California, and that the insurance coverage issues addressed in this declaratory relief action arise out of an insurance policy intended to apply in that county, and to events that took place in that county.

2. Plaintiff CONTINENTAL is and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Pennsylvania and having its principal place of business in the State of Pennsylvania, and is thus a citizen of the State of Pennsylvania.

3. This is a claim for declaratory relief and reimbursement in which CONTINENTAL seeks to determine whether and to what extent it is obliged to indemnify or defend defendants PAUL CRINKS and STACY CRINKS, hereinafter referred to as "Crinks", or either of them, against any liability they may face in a civil action presently being litigated in the Superior Court of the State of California for the County of Contra Costa, Michael and Charmagne Peters v. Village Associates Real Estate, Inc., et al., case number C05-02182, hereinafter referred to as the "Peters Action." The Peters claim to have suffered loss through the purchase of a residential property from defendants Crinks and allege that defendant Crinks are liable for that loss. The Crinks and defendants Village Associates Real Estate, Inc., hereinafter referred to as "Village"; Ignacio Vega, hereinafter referred to as "Vega"; Leslie Piper, hereinafter referred to as "Piper"; Paul Landers and Paul Landers dba Landers Termite, hereinafter referred to as "Landers"; and Dave Olnes, hereinafter referred to as "Olnes", Jonathan Joel Fradelis individually and Jonathan Joel Fradelis dba Tri-Valley Investments, hereinafter referred to as "Fradelis", and Max W. Curtis individually, and Max W. Curtis dba Maxinspect, hereinafter referred to as "Curtis", contend, while CONTINENTAL denies, that CONTINENTAL owes coverage to the Crinks for that liability.

## II. JURISDICTION

4. Plaintiff CONTINENTAL is incorporated in and domiciled in the State of Pennsylvania. Defendants, and each of them, are residents of Contra Costa County with the

-2-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

exception of Curtis, whom Plaintiff believes is a resident of Alameda County, and are all citizens of the State of California. The basis for the Peters Action, and for this insurance coverage dispute, took place in Contra Costa County, in the State of California. The value of the claims in dispute in this insurance coverage litigation exceeds $75,000.00. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. 2201 and this matter is subject to the Court's original jurisdiction under 28 U.S.C. 1332 as a diversity action. Jurisdiction in the federal court is therefore established, and venue in the Federal Court for the Northern District of California is demonstrated.

5. The Peters Action generally alleges that the residential real estate sold by defendants herein Crinks to the Peters, located at 15 Woodland Road, Orinda, California, was defective. The lawsuit includes claims against the Crinks for fraud, negligent misrepresentation and negligence, in addition to claims for intentional and negligent infliction of emotional distress. The Peters Action also alleges claims against Piper, Vega, and Village, for intentional concealment, and for intentional and negligent infliction of emotional distress. The Peters Action also includes causes of action against Landers and Olnes for breach of contract and negligence. The Crinks have also filed in the Peters Action a Cross-Complaint against Village, Vega, Piper, Landers, Olnes, Fradelis and Curtis, alleging a right to implied and equitable indemnity, partial implied and equitable indemnity, and apportionment of comparative fault.

6. An actual controversy has arisen and now exists between CONTINENTAL and defendants, in that CONTINENTAL contends that it has no obligation to defend or indemnify the Crinks against the claims pursued against the Crinks by the Peters in the Peters Action, or against any indemnity claims against the Crinks brought by the other defendants in the Peters Action.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Defendants, and each of them, contend CONTINENTAL is obliged to defend and indemnify the Crinks against those claims.

### III. FIRST CLAIM FOR RELIEF

**(The Crinks Do Not Confront Covered Damages)**

7. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 6 above, inclusive, and incorporates those allegations as though fully set forth herein.

8. CONTINENTAL policy number 197144244, issued to the Crinks, hereinafter referred to as the "Policy", by its specific terms, offers indemnity and defense only

> "If a claim or suit is brought against you or any covered person for the following:
>
> 1. Personal Injury;
>
> 2. Bodily injury; or
>
> 3. Property Damage,
>
> Caused by an occurrence to which this coverage applies..."

The terms in this Policy are given specific definitions by the Policy. Those definitions are, in pertinent part:

> "Bodily injury means physical bodily harm, including sickness or disease..."

and

> "Property damage means physical injury to or destruction of real property or tangible personal property including loss of use of property."

and

> "Personal injury means injury arising out of one or more of the following offenses: libel, slander, false arrest, wrongful eviction, wrongful detention,

-4-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

wrongful entry, malicious prosecution, false imprisonment, invasion of privacy, or defamation of character."

and

"Occurrence means

a. An event, or a series of related events resulting from continuous or repeated exposure to the same general conditions, that causes bodily injury or property damage during the policy period; or

b. An offense, including a series of related offenses, committed during the policy period, which results in personal injury. All losses arising out of such act or series of acts, regardless of the frequency thereof or number of claimants, shall be deemed to arise out of one offense.

9. One of the ways in which an actual controversy has arisen and now exists is that plaintiff CONTINENTAL denies, while defendants, and each of them, contend, that the liability alleged in the Peters Action gives rise to a claim covered under the insuring agreement described in the preceding paragraphs. CONTINENTAL desires and is entitled to a judicial determination and declaration of its rights, duties, and liabilities with respect to this coverage.

## IV. SECOND CLAIM FOR RELIEF

**(The Policy Excludes Coverage of Liability for Property Owned but Not Insured)**

10. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 9 above, inclusive, and incorporates those allegations as though fully set forth herein.

11. The policy is subject to certain exclusions. Included among these exclusions are Exclusion 1f and Exclusion 4g. They exclude coverage, respectively, of bodily injury or property damage:

"f. Arising out of a premises:

(1) Owned by a covered person;

-5-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

  (2) Rented to a covered person; or

  (3) Rented to others by a covered person that is not an insured location…"

and, of personal injury:

 "g. …arising out of a premises:

  (1) Owned by a covered person;

  (2) Rented to a covered person; or

  (3) Rented to others by a covered person that is not an insured location."

One of the ways in which an actual controversy has arisen and now exists between plaintiff and defendants is that plaintiff contends, while defendants deny, that these exclusions bar any liability coverage under the Policy for the Peters Action. Plaintiff desires and is entitled to a determination of its rights, duties, and obligations under the Policy.

## V. THIRD CLAIM FOR RELIEF

### (The Policy Excludes Damage to Covered Property)

12. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 11 above, inclusive, and incorporates those allegations as though fully set forth herein.

13. The Policy also contains an exclusion, Exclusion 2b, that bars coverage of "property damage to property owned by a covered person."

14. One of the ways in which an actual controversy has arisen and now exists is that plaintiff contends, while defendants deny, that this exclusion bars coverage of the liability alleged in the Peters Action.

-6-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

## VI.  FOURTH CLAIM FOR RELIEF

**(The Policy Excludes Liability for Professional Services)**

15.  Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 14 above, inclusive, and incorporates those allegations as though fully set forth herein.

16.  The Policy also excludes, under Exclusion 1a, liability for bodily injury or property damage:

> "Arising out of the rendering or failure to render a professional service of any nature even if covered by any other policy."

17.  One of the ways in which an actual controversy has arisen and now exists is that plaintiff contends, while defendants deny, that this provision bars coverage of the Crinks' alleged liability to the Peters for construction defects.  Plaintiff desires and is entitled to a judicial determination and declaration of its rights, duties and obligations under the Policy.

## VII.  FIFTH CLAIM FOR RELIEF

**(Intentional and Willful Conduct is Excluded)**

18.  Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 17 above, inclusive, and incorporates those allegations as though fully set forth herein.

19.  The Policy also excludes liability for bodily injury or property damage, under Exclusion 1h:

> "Intended by, or which may reasonably be expected to result from the intentional acts or omissions of one or more covered persons.  This exclusion applies even if:

(1) Such covered person lacks the mental capacity to govern his or her conduct;

(2) Such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or

(3) Such bodily injury or property damage is sustained by a different person than intended or reasonably expected."

The Policy is also subject to California Insurance Code §533, which prohibits indemnity of "willful" misconduct and to the general public policy of the State of California precluding indemnity of punitive damages.

20. One of the ways in which an actual controversy has arisen and now exists is that plaintiff contends, while defendants deny, that the intentional act exclusion and the statutory and public policy limitations on deliberate conduct alleged above bar coverage for the Peters Action under the policy. Plaintiff CONTINENTAL desires and is entitled to a determination and judicial declaration of its rights, duties, and obligations under the Policy.

## VIII.   SIXTH CLAIM FOR RELIEF

### (Mold Damage in Excess of $50,000.00 is Excluded)

21. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 20 above, inclusive, and incorporates those allegations as though fully set forth herein.

22. The Policy also excludes liability for mold, in excess of the specified amount, as set forth in Exclusion 1o, which excludes bodily injury or property damage:

-8-

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

"Arising out of, aggravated by or resulting from, in whole or in part, biological irritants, contaminants or spores - including but not limited to, mold, fungus, wet rot, dry rot, or bacteria - at the insured location beyond the limit provided in Personal Liability - Limits of Liability, item 2."

The limit provided in Personal liability - Limits of liability, item 2, is $50,000.00.

23.  One of the ways in which an actual controversy has arisen and now exists is that plaintiff contends, while defendants deny, that in the event any coverage is afforded by the Policy (which plaintiff denies), the amount of coverage for damages claimed for mold and similar loss is limited to $50,000.00. Plaintiff CONTINENTAL desires and is entitled to a determination and judicial declaration of its rights, duties, and obligations under the Policy.

## IX.  SEVENTH CLAIM FOR RELIEF

### (Reimbursement)

24.  Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above, inclusive, and incorporates those allegations as though fully set forth herein.

25.  Notwithstanding the actual controversy concerning the existence of insurance coverage for the Crinks against the claims made by the Peters, CONTINENTAL has extended to the Crinks a defense against the claims in the Peters Action. That defense, however, has been extended pursuant to a reservation of rights by CONTINENTAL to contest coverage and to seek reimbursement from the Crinks for any sums that may be spent to indemnify the Crinks, or any sums that have been or may be spent to defend them. This right of reimbursement is established under California substantive law and is predicated on principles of tort, contract and equity. Plaintiff therefore seeks, in addition to

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

declaratory relief, reimbursement from the Crinks of sums, according to proof, reflecting the amounts that have been or will be spent by plaintiff for the defense, or indemnity, or both, of matters that are not covered by the policy.

### PRAYER

WHEREFORE, Plaintiff CONTINENTAL prays for judgment against defendants PAUL CRINKS and STACY CRINKS as follows:

1. Declaring it has no obligation to defend or indemnify defendants Crinks in the Peters Action;

2. Awarding plaintiff reimbursement from Paul Crinks and Stacy Crinks for defense and indemnity expenditures for non-covered claims, according to proof;

3. Awarding plaintiff its costs and attorneys fees incurred in this action; and

4. Awarding such other relief as the court may deem proper.

Respectfully submitted,

DATED: May 15, 2007           FARMER SMITH LAW GROUP, LLP

By: _____
Blane A. Smith
Attorney for Plaintiff
CONTINENTAL INSURANCE COMPANY

11028v1